MARKS COHEN and Another, Trading as THE BOYS FRIEND NOVELTY COMPANY, Respondents, *v.* DAVE SOVALSKY and Another, Appellants.

Supreme Court, Appellate Term, First Department, January 8, 1925.

Bills and notes — action on promissory notes against maker and indorser — plaintiff gave indorser parol notice of protest three months after note became due — indorser entitled to notice of protest within reasonable time — notice to indorser not given within reasonable time — judgment reversed.

Judgment in favor of the plaintiff, in an action on promissory notes against the maker and indorser, should be reversed and a new trial ordered, where it appears that the plaintiff gave the indorser parol notice of protest three months after the note became due, since said indorser was entitled to a notice of protest within a reasonable time after the note matured. A protest given three months after the note became due is not given within a reasonable time.

APPEAL by defendant Brooks from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of plaintiffs and against defendants for $285.80 damages and interest, besides costs, entered on verdict. Trial by jury.

*Godwin & Golden* [*William R. Golden* of counsel], for the appellant.

*Leo Rocklin,* for the respondent.

GUY, J.:

Action on two promissory notes for $283 made by defendant Sovalsky and indorsed by defendant Brooks. The complaint was amended at the trial so as to specifically allege indorsement by Brooks. The notes matured July ninth and July twenty-third respectively.

Defense, denial; also that indorsement was without recourse against Brooks.

Plaintiff proved execution, indorsement and delivery of notes; also Sovalsky's refusal to pay them when payment was demanded.

But the only proof of protest or notice to Brooks as to $133 note was a parol notice three months after note became due.

Defendant Brooks testified to indorsement of notes; also to alleged agreement that indorsement was without recourse and that he received no notice of protest. Later he testified that in October he was told over the telephone that the notes were unpaid. Sovalsky and another witness corroborated him.

A notary public's certificate of protest of one of the notes was admitted which lacked a seal.

The jury found a verdict for plaintiffs.

A notary's written instrument, other than the proof of acknowledgment of a deed or mortgage, is not invalidated by the omission of his seal. It is only when requested that a notary is required to affix his seal to the protest of a note. (Executive Law, § 105, subd. 2.)

The indorser was entitled to notice of protest within a reasonable time after the $133 note matured. A delay from July ninth to October was not within a reasonable time.

Judgment reversed and a new trial ordered, with $30 costs to appellant to abide the event, unless plaintiffs within ten days stipulate to reduce recovery to $150 principal, with interest and costs, and in that event judgment as so modified affirmed, without costs.

All concur; present, GUY, O'MALLEY and LEVY, JJ.